IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ESSIE HEWETT                                                                       PLAINTIFF

VS.                                          4:08CV04166

UNIVERSITY OF ARKANSAS FOR
MEDICAL SCIENCES; WILLIAM R.
WOODELL; DR. RONALD WINTERS;
and DR. DANNY BERCHER                                                  DEFENDANT

### ORDER

Pending is Defendants' motion to dismiss. (Docket # 8). Plaintiff has responded and Defendants have filed a reply. For the reasons set forth herein, Defendants' motion is granted.

Facts

Plaintiff, Essie Hewett filed her *pro se* complaint against the University of Arkansas for Medical Sciences ("UAMS"), William R. Woodell, Dr. Ronald Winters and Dr. Danny Bercher on November 21, 2008. Plaintiff utilized the Court's complaint form for actions brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et.seq. Plaintiff alleges that the Defendants discriminated against her on the basis of her race and gender by failing to promote her, demoting her and in retaliation for opposing unlawful employment practices. Plaintiff states "during my employment at UAMS, I was promoted to Management Project Analyst II by Human Resources and demoted one week later by Mr. William Woodell. Dr. Ronald Winters and Dr. Danny Bercher continuously permitted Mr. Woodell to treat me to different terms and conditions of employment than white employees including but not limited to reclassification, promotion, demotion, merit raises and wages."

Plaintiff attaches an EEOC Charge of Discrimination ("Charge") which she claims in her complaint was filed on August 12, 2008.  Plaintiff received a notice of rights to sue on August 27, 2008.  Plaintiff's Charge lists October 15, 2007 as the earliest date on which discrimination occurred and November 15, 2007 as the latest date on which discrimination occurred.  In the body of her Charge, Plaintiff claims that she was demoted on December 11, 2006, that she was subjected to discriminatory terms and conditions of employment and that because of these adverse terms and conditions, she submitted a notice of resignation of her employment on October 15, 2007, to be effective November 15, 2007.

Defendants move to dismiss Plaintiff's complaint because she failed to file her Charge of Discrimination with the EEOC within the limitations period set forth in 42 U.S.C. §2000e-5(e)(1).  Additionally, Defendants claim that UAMS is not a legal entity that can be sued and the individual defendants are supervisory individuals not subject to suit under Title VII. Because the Court finds that Plaintiff failed to file her Charge of Discrimination within the limitations period, the Court will not address the additional arguments set forth by Defendants.

Dismissal is proper where the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). At this stage of the litigation, the Court must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S.Ct. 1955, 1964-65 (2007).  The plaintiff need not provide specific facts in support of their allegations, *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level.

*Twombly*, 127 S.Ct. at 1964-65 & n. 3.

The Court must take a plaintiff's well-pleaded allegations as true and grant all reasonable inferences in favor of the plaintiff. *Stufflebeam v. Harris*, 521 F.3d 884, 886 (8th Cir. 2008). This is especially true when the plaintiff is proceeding *pro se. See Atkinson v. Bohn*, 91 F.3d 1127, 1128-29 (8th Cir.1996) (per curiam). Additionally, the Court may consider all materials attached to Plaintiff's Complaint when considering a motion to dismiss. *See Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir.2002).

Applying this standard, the Court finds that Plaintiff failed to file her Charge of Discrimination within the limitations period set forth in 42 U.S.C. §2000e-5(e)(1). Under Title VII, an administrative charge must be filed within 180 days of the alleged discriminatory incident. 42 U.S.C. § 2000e-5(e)(1). In order to be valid, Title VII requires that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the [EEOC] requires." *Id*. § 2000e5(b).

Plaintiff's complaint and the attached Charge of Discrimination reflect that Plaintiff was demoted on December 11, 2006 and that she submitted a notice of resignation of her employment on October 15, 2007, to be effective November 15, 2007. In response to Defendants' motion to dismiss, Plaintiff[1] argues that although her formal Charge of Discrimination was filed on August 12, 2008, she submitted an EEOC Intake Questionnaire on May 9, 2008, which should be considered her formal Charge based upon actions of the EEOC Intake Clerk and Investigator.

The case law in the Eighth Circuit clearly establishes that Intake Questionnaires "do not satisfy the statutory requirement for an administrative charge." *Shempert v. Harwick Chemical*

---

[1]Now appearing through counsel.

*Corp.*, 151 F. 3d 793, 796 (8th Cir. 1998) citations omitted.  However, "like a statute of limitations" the filing of a timely charge of discrimination "is subject to waiver, estoppel and equitable tolling."  *See, Lawrence v. Cooper Communities, Inc.*, 132 F.3d 447, 451-52 (8th Cir.1998) (failure to file timely charge was excusable neglect where EEOC mistakenly told plaintiff his unverified charge information form was valid charge, and EEOC did not complete formal, verified charge until after 180-day deadline; failure to file timely charge arose from EEOC's misconduct which was circumstance beyond plaintiff's control); *Jennings v. American Postal Workers Union*, 672 F.2d 712, 715 (8th Cir.1982) (plaintiff alleged EEOC told her it lacked jurisdiction over her claim; EEOC did have jurisdiction and court of appeals remanded to the district court for a determination of when she attempted to file her charge; "uncounseled plaintiff should not be penalized for the EEOC's mistakes of law").

      In this case, even if the Court were to apply the doctrine of equitable tolling and accept the date on which Plaintiff filed her Intake Questionnaire as the official filing date, Plaintiff's complaint is still time barred.  Plaintiff's complaint must have been filed within 180 days of the alleged unlawful employment practice.  The latest date on which an unlawful employment practice could have occurred was the date on which Plaintiff contends she was constructively discharged.  Plaintiff argues that the effective date of her termination, November 15, 2007 should control.

      A Title VII cause of action accrues on the date the allegedly unlawful act is communicated to the Plaintiff.  *See Dring. v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1328 (8th Cir. 1995).  In actions based upon termination, the statute of limitations begins to run from the time the employee received notice of the termination and not from a later date when the

termination becomes effective. *See, e.g., Cooper v. St. Cloud State University*, 226 F.3d 964, 965-67 (8th Cir.2000) (Relying upon *Delaware State College v. Ricks*, 449 U.S. 250 (1980), the Eighth Circuit Court of Appeals stated: "[W]e hold that the statute of limitations began to run when the college announced its official tenure decision, rather than at the time of termination"). Applying this line of reasoning, the Second Circuit Court of Appeals held that in a constructive discharge claim, the limitations period accrues on the date the employee gives notice of resignation. *Flaherty v, Metromail Corp.*, 235 F.3d 133 (2nd Cir. 2000). This Court agrees and holds that the proper accrual date on a constructive discharge claim is the date on which the Plaintiff communicated her intent to resign.

Plaintiff submitted her resignation October 15, 2007 and filed her Intake Questionnaire on May 9, 2008 (207 days later). Accordingly, even if the Court were to apply the doctrine of equitable tolling and accept the date on which Plaintiff filed her Intake Questionnaire as the official filing date, Plaintiff's complaint is still time barred.

Accordingly, accepting all of Plaintiff's allegations as true and granting all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff failed to file her Charge of Discrimination within the limitations period set forth in 42 U.S.C. §2000e-5(e)(1). Defendants motion to dismiss is granted.

IT IS SO ORDERED this 13th day of March, 2009.

James M. Moody
United States District Judge